A. B. WESTCOTT, *Appellant*, v. THE MORTON-SIMMONS HARDWARE COMPANY, *Appellee*.

No. 16,746.

Appeal from Sedgwick district court.  Opinion filed December 10, 1910.  Affirmed.

*R. L. Holmes*, and *Charles G. Yankey*, for the appellant.

*S. B. Amidon, D. M. Dale*, and *Jean Madalene*, for the appellee.

*Per Curiam:* Special findings numbered 1, 2, 3, 4 and 7 give the situation of the parties for 1906.  The letter of November 24, 1906, had but one purpose—to fix the relations of the parties after 1906, if there were to be any.  The letter and the reply altogether eliminated the notion of a yearly or other-time contract after 1906, and of any "velvet," except as the result of a full year's work.  Their legal effect was that if the plaintiff went to work in 1907 he did so subject to the defendant's right to terminate the employment at any time, and without the payment of velvet if a year's work was not performed. Such being the express conditions under which the plaintiff went to work in 1907, there is no room for the implication upon which he stands.  In March, 1907, the plaintiff was notified that the terms of 1906 would not govern for 1907, and the employment was by mutual agreement established upon a new basis, as shown by findings numbered 8, 9 and 10.  Under this agreement the discharge of the defendant before the end of the year and without velvet was rightful.  These facts compel a judgment for the defendant, whatever the instructions to the jury may have been.  The judgment is just, and is affirmed.